544

ARNOLD BUSHON, ADMINISTRATOR OF THE ESTATE OF JAMES
L. WILKINSON, DECEASED, APPELLANT, V. LAVERN FALLON
ET AL., APPELLEES.

100 N. W. 2d 200

Filed January 8, 1960. No. 34660.

*Theodore L. Richling* and *Lawrence R. Brodkey,* for appellant.

*Gross, Welch, Vinardi & Kauffman,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action at law for damages brought in the district court for Douglas County under the wrongful death act, sections 30-809 and 30-810, R. R. S. 1943, by Olaf D. Kruse, special administrator of the estate of James L. Wilkinson, deceased, with Arnold Bushon substituted therefor, against Lavern Fallon, Virgil Gotsch, Patrick Gotsch, Virgil Gotsch and Patrick Gotsch doing business as Gotsch Brothers, and Virgil Gotsch and Patrick Gotsch, a partnership doing business under the firm and style name of Gotsch Brothers, defendants.

An International truck owned by the defendants Gotsch Brothers collided with a Ford coach driven by Nancy Wilkinson, wife of James L. Wilkinson, deceased, at the intersection of Seventy-second and Pacific Streets in Douglas County. As a result of the collision, James L. Wilkinson, who was a passenger in the Ford automobile, was killed. A jury was impaneled and the case proceeded to trial. At the close of plaintiff's evidence

the defendants moved for a directed verdict which the trial court sustained and dismissed the plaintiff's case. The plaintiff filed a motion for new trial which was overruled. The plaintiff appealed.

The plaintiff alleged in his petition that on November 19, 1952, the defendant Lavern Fallon was driving a 1952 International truck which was owned and operated by Gotsch Brothers; that Gotsch Brothers was either a firm and style name for Virgil Gotsch or Patrick Gotsch or for Virgil Gotsch and Patrick Gotsch, and the exact method of operation of Gotsch Brothers was unknown to the plaintiff; that when the term Gotsch Brothers was used it referred to both Virgil Gotsch and Patrick Gotsch and to whatever legal entity was operating under and by virtue of the name of Gotsch Brothers; and that at all times mentioned the defendant Lavern Fallon was the employee and agent of Gotsch Brothers. The petition then went on to recite facts relating to the collision, and alleged certain acts of negligence on the part of Lavern Fallon in driving the defendants' truck which constituted the proximate cause of the accident and death of James L. Wilkinson.

The defendants' answer to the plaintiff's petition admitted that at about the time and place complained of, defendants' vehicle was in a collision with a Ford automobile in which plaintiff's decedent was a passenger, but denied all allegations of the plaintiff's petition not admitted.

It is true that statements, admissions, and allegations in pleadings upon which the case is tried are always in evidence for all purposes of the trial; they are before the court, and may be used for any legitimate purpose. Krueger v. Krueger, *ante* p. 82, 98 N. W. 2d 360, and cases cited therein.

An analysis of the defendants' answer discloses that the defendants admitted owning a vehicle which was in a collision with a Ford automobile in which the decedent was a passenger. No place in the answer is

there an admission on the defendants' part that Lavern Fallon was an employee or agent of the defendants or that he was driving the truck which collided with the Ford automobile.

The only evidence touching on this phase of the case was given by the witness Eugene Lemmer, as follows: "Q. Now, did you find out who was the driver of the truck involved in the accident? A. No, sir. Q. Did you see him afterwards? A. Yes. Q. Is he present in the courtroom? A. I couldn't say, I don't know. I can't remember what he looked like. Q. Did you have any conversation with him afterwards? A. Not particularly."

The record is void as to any evidence that Lavern Fallon was the driver of the truck involved in the accident or was an employee or agent of the defendants Gotsch Brothers. The plaintiff was obligated to prove this material allegation of his petition which was essential to proving his case. This he failed to do. Consequently, there is no other alternative than to affirm the judgment of the trial court.

In the light of what has been heretofore said, assignments of error set forth by the plaintiff need not be determined.

For the reasons given herein, the judgment of the trial court is affirmed.

AFFIRMED.